No. 4196

Second Circuit

TREICHLINGROVA ET AL. v. LAYNE

(February 16, 1932. Opinion and Decree.)

Albert Sabath, of Chicago, Ill., and George W. Lester, of Monroe, attorneys for plaintiffs, appellants.

George Wesley Smith, of Rayville, and Hugh T. Layne, of Monroe, attorneys for defendant, appellee.

STEPHENS, J. The property of the plaintiffs in Ouachita parish, Louisiana, was sold for taxes for the year 1928 to Sidney Kahn, who several months thereafter conveyed it to John J. Potts and R. Downes, Jr., residents of the city of Monroe, Louisiana. After the redemption period had elapsed, the defendant, Hugh T. Layne, attorney at law, of Monroe, Louisiana, was employed by plaintiffs, who were residents of the republic of Czecho-Slovakia, Europe, to recover the property. No attorney's fee was agreed on for the service to be rendered. The defendant discovered irregularities in the proceedings from which the tax adjudication resulted, instituted suit for the plaintiffs herein and obtained judgment in their behalf setting aside the tax sale and decreeing them to be the owners of the property.

The defendant then submitted a bill for his services in the sum of $1,800, less a credit of $300. After much correspondence with the plaintiffs in regard to the fee, the defendant threatened suit, and finally filed suit; attached the property, and served the plaintiffs with citation through a curator ad hoc and was granted judgment by default for the amount sued for.

This is a suit to annul that judgment upon two grounds:

(1) That defendant had been adequately compensated for the services rendered prior to the filing of the suit.

(2) That the judgment was obtained by the defendant through fraud and misrepresentation.

The defendant answered denying generally the allegations of the petition.

The case was tried before the same judge who had rendered the judgment sought to be annulled, and resulted in a judgment in favor of the defendant, rejecting plaintiffs demands. The plaintiffs prosecute this appeal.

The opinion of the district judge is quoted in full, as follows:

"This is a suit by, plaintiffs, who are both residents of the Republic of Czecho-Slovakia, against Hugh T. Layne, to annul the judgment rendered in the case of Hugh T. Layne v. Babetta Treichlingrova, et al., in case No. 19036 of the docket of this Court, which judgment was proved up by default on the 21st day of February, 1931.

"Petitioners allege that said judgment was obtained through fraud, ill practice and false testimony. Whatever else this record may show, it contains conclusive evidence that there was no fraud or ill practice in obtaining the judgment in the original suit against these plaintiffs. The record is conclusive that Layne demanded payment of the amount which he claimed on numerous occasions, and threatened suit if it was not paid, and the plaintiffs in this suit had ample notice that the suit was going to be filed and of the amount claimed by Layne as attorney's fees. They likewise had ample notice after the suit had been filed of the purpose of the suit and the amount claimed by Layne, and that unless something was done about it the property would have to be sold. Layne even went so far as to ask that a mortgage be executed in his favor in order to protect his interest.

"The correspondence from Layne to the Agent and Attorney in Fact of the plaintiffs in this case is voluminous and shows that the plaintiffs in this case were fully advised as to what Layne was doing and what his demands were. The original suit was filed on January 14th, and was not finally confirmed on default until February 21st. In the meantime the suit had not been answered and Layne was unable to obtain any satisfaction from the plaintiffs. The suit was regularly filed and served on a curator ad hoc and the proceedings were regular in every respect. Therefore the claim of fraud, ill practice and false swearing is totally and wholly unsustained by the evidence.

"The only remaining reason for annulling this judgment is the fact that the plaintiffs are dissatisfied with the amount of attorney's fees claimed by Layne, and for which the judgment was rendered on default. I do not think that the plaintiffs are in a position to annul the judgment on this ground. They knew every fact which they now know before the original judgment was rendered, and it is well settled that in the absence of fraud one cannot allege in nullity of a judgment that which was known and could have been used in defense of the original suit even though the judgment was on confirmation of default. It is none the less res adjudicata. C. P. Article 607; Succession of Lebrew, 3 Ann. 212; Mercantile Adjustment Co. v. Powers, 5 App. 285."

We have carefully studied the record in the case and we fully concur in the able and concise opinion of the learned trial judge, and adopt it as our own.

We do not understand the last sentence of the opinion, to-wit, "It is none the less res adjudicata," to mean that the trial judge considered the judgment attacked to be res adjudicata as against this action, but that he was merely expressing his conviction that the subject matter of that litigation was properly and finally disposed of after having considered the action to annul on its merits.

The judgment is affirmed.